ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

ERIC BALL (CSB No. 241327)
eball@fenwick.com
ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Plaintiff
THE AMERICAN LEGION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN LEGION,<br><br>                        Plaintiff,<br><br>        v.<br><br>CONSTANT LEADS, LLC, and MATTHEW S. NOSS,<br><br>                        Defendants. | Case No.:<br><br>**COMPLAINT FOR (1) VIOLATION OF 36 U.S.C. § 21705; (2) FEDERAL TRADEMARK INFRINGEMENT; (3) FEDERAL TRADEMARK DILUTION; (4) CYBERPIRACY; (5) VIOLATION OF FEDERAL UNFAIR COMPETITION LAW; (6) COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT; (7) CALIFORNIA TRADEMARK DILUTION; (8) VIOLATION OF CALIFORNIA STATUTORY UNFAIR COMPETITION LAW; AND (9) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT

CASE NO.

**INTRODUCTION**

1.      Plaintiff The American Legion files this Complaint against Constant Leads, LLC and its principal employee and officer, Matthew S. Noss (collectively, "Defendants"), to enforce The American Legion's exclusive right to its name and marks, including its emblem.  The American Legion has attempted to resolve this dispute amicably but has been unable to secure the Defendants' compliance with their legal obligations.  The American Legion seeks an injunction prohibiting Defendants from using The American Legion's name and marks and precluding Defendants' continued use of the website domain localamericanlegion.com.  The American Legion further seeks damages and its attorneys' fees in connection with this litigation.

**THE PARTIES**

2.      The American Legion is a federally chartered corporation with perpetual existence, created by an Act of Congress.  The American Legion maintains its headquarters at 700 N. Pennsylvania Street, Indianapolis, Indiana 46206.  The American Legion is a nationwide wartime veterans' organization dedicated to promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy, and mutual helpfulness.  It carries out its activities across the nation, including in this judicial district.

3.      The American Legion believes, and therefore alleges, that Constant Leads, LLC is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 2607 Eaton Rapids Road, Lansing, Michigan 48911.

4.      The American Legion believes, and therefore alleges, that Matthew S. Noss is an individual and a principal of Constant Leads, LLC.  The American Legion further believes, and therefore alleges, that Matthew S. Noss resides at 920 Farrand Street, Apartment 12, Lansing, Michigan 48906.

**JURISDICTION AND VENUE**

5.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), and the Federal Charter creating The American Legion, 36 U.S.C. §§ 21701 *et seq.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT

1

CASE NO.

6.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question); 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1338(b) (original jurisdiction over substantial state-law claims of unfair competition related to federal trademark claims).  The Court also has supplemental jurisdiction over this case's state law claims pursuant to 28 U.S.C. § 1367, as they are part of the same case or controversy.

7.     The Court has personal jurisdiction over Defendants because (i) a substantial portion of the events giving rise to this action occurred in this judicial district and (ii) Defendants purposefully and intentionally directed their actions at California, with the knowledge that injury would occur in this forum.  For instance, Defendants operate multiple websites targeting Internet users in California and specifically in this judicial district, including at least one website that uses one or more marks held by the American Legion and appears to discuss local chapters of the American Legion located in California.  Other websites that Defendants operate purport to represent or provide information regarding businesses or governmental agencies in the Northern District of California, including for instance the local public library, unemployment offices and building permit offices.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendants derive revenue from activity occurring in this judicial district.

## INTRADISTRICT ASSIGNMENT

9.     Because this action involves intellectual property claims, it is not subject to specific intradistrict assignment.

## GENERAL ALLEGATIONS

### The American Legion

10.     The American Legion is an organization of veterans of the United States armed forces who have served in wartime.  Veterans returning from Europe after World War I founded it.  On September 16, 1919, Congress established The American Legion as a corporation.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.     In addition to the common-law intellectual property rights that The American Legion acquired by virtue of its longstanding use, The American Legion enjoys rights flowing directly from its Congressional charter, from a specific federal statute protecting its name and emblems, and from its federal trademark registrations with the United States Patent & Trademark Office.

12.     Pursuant to 36 U.S.C. § 21705, The American Legion "and its State and local subdivisions have the exclusive right to use the name 'The American Legion' or 'American Legion.'  The corporation has the exclusive right to use, manufacture, and control the right to manufacture, emblems and badges the corporation adopts."  36 U.S.C. § 21705.  Besides being subject to civil liability under federal trademark law, violators of this exclusive right are subject to criminal penalties pursuant to 18 U.S.C. § 705.

13.     Complementing this statutory authority, The American Legion owns several U.S. trademark registrations, including the following incontestable registrations for its name and emblem ("The American Legion Marks"):

| Mark | Reg. No. | Reg. Date | Goods & Services |
|---|---|---|---|
| THE AMERICAN LEGION | 2,340,046 | 4/11/2000 | Association services, namely, promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy and mutual helpfulness<br><br>Indicating membership in an organization of veterans of active duty wartime United States or Allied (if a citizen) military or naval service |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| AMERICAN LEGION US & Design | 1,685,652 | 5/5/1992 | Association services, namely, promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy and mutual helpfulness<br><br>Indicating membership in an organization of veterans of active duty wartime United States or Allied (if a citizen) military or naval service |
|---|---|---|---|

14.     This Complaint refers to the design mark identified by Registration No. 1,685,652 as "The American Legion Emblem." The American Legion Emblem prominently incorporates the name "American Legion."

15.     The American Legion Marks assure members and the public that the programs and services that occur in conjunction with the marks meet the high standards and values for which The American Legion is famous because the marks signify an association with The American Legion, its mission, and the important principles at the core of its mission.

16.     As a result of long-standing and consistent use and through extensive media coverage, The American Legion Marks have gained wide and favorable recognition throughout the United States.  The goodwill The American Legion Marks represent is a valuable and important asset of The American Legion because it embodies the organization's reputation for service, a reputation that comes from those who have served under the name and emblem for nearly a century and from The American Legion's service to the nation and to those who have served it.

17.     Because of The American Legion's nationwide promotion and provision of services under The American Legion Marks, and the nationwide publicity and media attention relating to the services that bear The American Legion Marks, those marks have become widely recognized, distinctive, and famous throughout the United States.  They were distinctive and famous before Defendants began the use of The American Legion Marks at issue in this Complaint.

18.     Because every use of The American Legion Marks symbolizes the integrity and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

principles of the organization they represent and helps to identify and distinguish The American
Legion's programs and services from the businesses and activities of others, The American
Legion exerts strict control over the use of The American Legion Marks.

**Defendants' Services and Use of The American Legion Marks**

19.     The American Legion believes, and therefore alleges, that Matthew Noss, through
Constant Leads, LLC, maintains a website at the domain localamericanlegion.com (the
"Unauthorized Website"). The American Legion also believes, and therefore alleges, that
Defendants have historically used and continue to use one or more of The American Legion
Marks on the Unauthorized Website.

20.     The American Legion believes, and therefore alleges, that the Unauthorized
Website purports to contain information about The American Legion, as well as links to various
advertisements purportedly related to or sponsored by The American Legion. This information
inaccurately describes the services and activities of The American Legion and its local chapters.
Even more, the Unauthorized Website purports to contain information about local chapters of The
American Legion that do not exist. That inaccurate information is misleading to The American
Legion's current or prospective members and to the public.

21.     Defendants do not have permission or authorization to use any of The American
Legion Marks in the advertising and promotion of their goods and services, including on the
Unauthorized Website. Nor do the Defendants have any permission or authorization to represent
that The American Legion is affiliated, connected, or associated with the Defendants'
advertisements on the Unauthorized Website. The American Legion believes, and therefore
alleges, that Defendants, instead of acting with permission or authorization, willfully intended to
trade improperly on the recognition of The American Legion Marks.

22.     At the time of the filing of this Complaint, the Unauthorized Website contains
multiple webpages targeting Internet users in California and specifically in this judicial district,
including but not limited to webpages targeting San Francisco, Oakland, San Jose, Hillsborough,
San Bruno, San Carlos, and Redwood City:

localamericanlegion.com/sanfranciscocaliforniaamericanlegion;

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT                                    5                        CASE NO.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   localamericanlegion.com/oaklandcaliforniaamericanlegion;

2   localamericanlegion.com/sanjosecaliforniaamericanlegion;

3   localamericanlegion.com/hillsboroughcaliforniaamericanlegion;

4   localamericanlegion.com/sanbrunocaliforniaamericanlegion;

5   localamericanlegion.com/sancarloscaliforniaamericanlegion; and

6   localamericanlegion.com/redwoodcitycaliforniaamericanlegion.

7       23.     At some time before September 2014, Defendants began using The American

8   Legion Emblem on the webpages of the Unauthorized Website.

9       24.     On September 2, 2014, The American Legion sent a letter to Mr. Noss, advising

10  Mr. Noss that he and Constant Leads, LLC, violated The American Legion's trademark rights in

11  its name and The American Legion Emblem.

12      25.     The American Legion believes, and therefore alleges, that Defendants removed

13  The American Legion Emblem from the webpages of the Unauthorized Website but continued

14  their use of The American Legion's name.  The American Legion further believes, and therefore

15  alleges, that Defendants continued to appear to promote The American Legion on the webpages

16  of the Unauthorized Website as well as on advertisements that appeared to relate to The American

17  Legion.

18      26.     Defendants' use of the Unauthorized Website, including their continued use of The

19  American Legion Marks in connection with the Unauthorized Website, is likely to cause

20  confusion, mistake or deception and create the erroneous impression that the Unauthorized

21  Website and Defendants' services and commercial activities have a connection, source,

22  sponsorship, or affiliation with The American Legion and its services.

23      27.     Defendants, by maintaining the Unauthorized Website and using The American

24  Legion Marks in connection with the Unauthorized Website, have used a mark in commerce that

25  has caused or is likely to cause dilution by blurring or dilution by tarnishment of the famous and

26  distinctive The American Legion Marks.  Defendants' actions, which were intentional and

27  without The American Legion's permission, began after The American Legion Marks had

28  become famous and distinctive.  Defendants have damaged The American Legion and the public

by their misconduct.

28.     Defendants' use of the Unauthorized Website, including their continued use of The American Legion Marks in connection with the Unauthorized Website, deprives The American Legion of the ability to control and maintain the high quality of goods and services under The American Legion Marks.  Given The American Legion's extensive involvement in offering veteran-oriented goods and services and promoting the visibility of the veteran and military communities, Defendants' use of the Unauthorized Website and The American Legion Marks has caused, and will continue to cause, a likelihood of confusion among the public by causing individuals to attribute incorrectly the quality and content of Defendants' offerings to The American Legion.  That likelihood of confusion jeopardizes The American Legion's relationship with its current and prospective members and the public.  That confusion also places The American Legion's valuable reputation in the hands of a rogue business and its owner.

29.     Defendants' use of the Unauthorized Website and The American Legion Marks has caused, and continues to cause, irreparable injury to The American Legion and its reputation and goodwill, and unless enjoined it will cause further irreparable injury for which The American Legion has no adequate remedy at law.

30.     Because Defendants undertook their use of the Unauthorized Website and unauthorized use of The American Legion Marks with full knowledge of The American Legion's trademarks, ownership rights, and objection to Defendants' use, Defendants' use and infringement of The American Legion Marks are willful and intentional.

31.     The American Legion believes, and therefore alleges, that Defendants' unauthorized use of the Unauthorized Website and The American Legion Marks represents only part of a larger scheme by Defendants to confuse and mislead the public.  The American Legion further believes, and therefore alleges, that Matthew Noss, through Constant Leads, LLC, has registered several hundred domains targeting or otherwise appearing to represent various businesses and government-affiliated service providers (collectively, the "Constant Leads Registered Domains").  Some exemplary domains include: unemployment-office.com; citybuildingpermit.net; citybuildingcode.net; citytrashservice.com; animalcontrol.info; and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  localpubliclibrary.com.

2      32.    The American Legion believes, and therefore alleges, that Defendants direct many

3  of the Constant Leads Registered Domains at Internet users in California and specifically in this

4  judicial district. For example, at the time of the filing of this Complaint, a substantial number of

5  the Constant Leads Registered Domains contain webpages targeting San Francisco, California,

6  for example: unemployment-office.com/sanfranciscocaliforniaunemploymentoffice;

7  citybuildingpermit.net/sanfranciscocaliforniabuildingpermit; and

8  localpubliclibrary.com/sanfranciscocaliforniapubliclibrary.

9  The American Legion believes, and therefore alleges, that many of the Constant Leads Registered

10  Domains neither act for the services or services they purport to represent nor offer any service at

11  all. Instead, American Legion believes and therefore alleges that the Constant Leads Registered

12  Domains misrepresent their purported services and the source of their purported services to lure

13  consumers to the Constant Leads Registered Domains so that the Defendants can profit from the

14  advertisements the Defendants place on the websites.

15      33.    The American Legion seeks damages and injunctive relief preventing Defendant

16  from using the Unauthorized Website (including its domain name) and The American Legion

17  Marks without authorization.

18  **<u>CLAIMS FOR RELIEF</u>**

19  **FIRST CLAIM**

20  **(Violation of 36 U.S.C. § 21705)**

21      34.    The American Legion incorporates all paragraphs above by reference.

22      35.    Before engaging in their infringements, Defendants had actual knowledge of The

23  American Legion's ownership of and exclusive right to use The American Legion Marks.

24  Despite The American Legion's demands that Defendants halt their unauthorized use, Defendants

25  continues to maintain the Unauthorized Website and to use The American Legion Marks without

26  authorization in violation of 36 U.S.C. § 21705.

27      36.    As a consequence of Defendants' actions, The American Legion is entitled to the

28  relief requested below.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**SECOND CLAIM**

**(Trademark Infringement and Counterfeiting – Federal Law)**

37.     The American Legion incorporates all paragraphs above by reference.

38.     Defendants' acts constitute trademark infringement and counterfeiting of The American Legion Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39.     Defendants have not obtained a license or permission from The American Legion to use The American Legion Marks.  Nor have they sought to do so.

40.     Defendants' use of counterfeits of The American Legion Marks and marks confusingly similar to The American Legion Marks are likely to cause confusion, mistake or deception and create the erroneous impression that Defendants' services and commercial activities have a connection, source, sponsorship, or affiliation with The American Legion and its services.

41.     As a result of Defendants' wrongful conduct, The American Legion has suffered harm to The American Legion Marks and its reputation.

42.     Defendants' actions in violation of The American Legion's trademark rights, including their use of counterfeits of The American Legion Marks, have been deliberate, willful, and in disregard of The American Legion's rights.

43.     The American Legion has no adequate remedy at law for Defendants' continuing violation of The American Legion's rights.

44.     The American Legion has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

45.     As a consequence of Defendants' actions, The American Legion is entitled to the relief requested below.

**THIRD CLAIM**

**(Trademark Dilution – Federal Law)**

46.     The American Legion incorporates all paragraphs above by reference.

47.     Defendants, through the conduct described above, have used a mark in commerce that has caused or is likely to cause dilution by blurring and/or dilution by tarnishment of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

famous and distinctive American Legion Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48.     As a consequence of Defendant's actions, The American Legion is entitled to relief as requested below.

## FOURTH CLAIM

### (Cyberpiracy – Federal Law)

49.     The American Legion incorporates all paragraphs above by reference.

50.     The American Legion believes, and therefore alleges, that Defendants registered the domain name "localamericanlegion.com" for the Unauthorized Website during or before August 2013.

51.     The domain name for the Unauthorized Website incorporates The American Legion's name.  The domain name for the Unauthorized Website is also nearly identical to and confusingly similar to the following website domains operated by The American Legion: americanlegion.com; americanlegion.org; and legion.org.

52.     The American Legion believes, and therefore alleges, that Defendants have exhibited bad faith intent to profit from The American Legion Marks by, among other things:  (1) the Defendants' exploitation of The American Legion's famous American Legion name in the localamericanlegion.com domain name; (2) the Defendants' use of the domain to operate, or authorize the operation of, the Unauthorized Website that contains advertising without The American Legion's sponsorship or approval; (3) the Defendants' use of the Unauthorized Website to provide inaccurate and misleading information regarding The American Legion; (4) the Defendants' registration of multiple domains that  misrepresent the nature and source of the services they purport to offer, for websites that also contain advertising; and (5) the Defendants' lack of any trademark, name or other intellectual property rights in the Unauthorized Website's domain.

53.     Defendants' operation of the Unauthorized Website constitutes cyberpiracy in violation of The American Legion's rights under Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1).  Defendants' actions have been knowing, deliberate, willful, intentional, and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  malicious in light of The American Legion's rights, its global fame, and the ongoing dispute

2  between The American Legion and Defendants.

3        54.     As a result of Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1), The

4  American Legion has suffered damages in an amount to be determined at trial. Pursuant to 15

5  U.S.C. § 1117, The American Legion is further entitled to treble damages and attorneys' fees and

6  costs.

7        55.     Under 15 U.S.C. § 1117(d), The American Legion may elect, at any time before

8  final judgment is entered by the trial court, to recover, instead of actual damages and profits for

9  Defendants' violation of 15 U.S.C. § 1125(d)(1), an award of statutory damages up to $100,000

10 per domain name, as the Court considers just.

11       56.     As a result of Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1), The

12 American Legion has suffered, and will continue to suffer, irreparable harm. Defendants threaten

13 to continue to engage deliberately in cyberpiracy described in this complaint and, unless

14 restrained and enjoined, will do so, all to The American Legion's irreparable damage. The

15 American Legion's remedy at law is not by itself adequate to repair the harm from Defendants'

16 actions, and the irreparable harm that The American Legion suffers will continue unless this

17 Court enjoins Defendants' ownership and use of the domain and operation of the Unauthorized

18 Website. The American Legion therefore is entitled to protection by injunctive relief, including

19 transfer of the domain localamericanlegion.com (and all other domain names Defendants own

20 that include the letter strings "american" and "legion") to The American Legion and

21 impoundment of all Defendants' servers, other media, and systems using The American Legion

22 Marks.

23                                  **FIFTH CLAIM**

24                **(Unfair Competition – Federal Law)**

25       57.     The American Legion incorporates all paragraphs above by reference.

26       58.     Defendants' actions constitute unfair competition in violation of Section

27 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

28       59.     Defendant's use of The American Legion Marks is likely to cause confusion,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  mistake or deception and create the erroneous impression that Defendants and their goods and
2  services are affiliated, connected, or associated with The American Legion.

3       60.     The American Legion has suffered harm and damage by Defendants' wrongful
4  acts, and that damage will continue unless the Court enjoins Defendants' actions.

5       61.     As a consequence of Defendants' violations, The American Legion is entitled to
6  the relief requested below.

7                                    **SIXTH CLAIM**

8       **(Trademark and Trade Name Infringement – California Common Law)**

9       62.     The American Legion incorporates all paragraphs above by reference.

10      63.     The American Legion owns and has valid common-law rights in The American
11  Legion Marks in connection with the offer and provision of its services.

12      64.     Defendants have not obtained a license or permission from The American Legion
13  to use The American Legion Marks, nor have they sought to do so.

14      65.     Defendants' use of The American Legion Marks infringes upon The American
15  Legion's common law trademark and trade name rights; is likely to cause confusion, mistake, and
16  deception among consumers and the public as to the source, origin, affiliation, sponsorship and/or
17  quality of Defendants' services and commercial activities; and is likely to confuse the public into
18  believing that The American Legion was or is the source or sponsor of Defendants' services,
19  website, domain name, commercial activities, and business in violation of the common law.
20  These actions thereby damage The American Legion and the public.

21      66.      Defendants knew or, in the exercise of reasonable care, should have known that
22  their conduct was likely to mislead the public and harm The American Legion.

23      67.     Defendants deliberately used marks nearly identical and confusingly similar to The
24  American Legion's Marks for the purpose of misappropriating The American Legion's extensive
25  goodwill and causing confusion, mistake or deception among consumers and the public.  The
26  American Legion believes, and therefore alleges, that Defendants' violations of The American
27  Legion's common law trademark and trade name rights were knowing, deliberate, willful,
28  malicious, oppressive, and fraudulent.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

68. The American Legion has no adequate remedy at law for Defendants' continuing violation of The American Legion's rights.

69. The American Legion has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

70. As a consequence of Defendants' actions, The American Legion is entitled to the relief requested below.

## SEVENTH CLAIM

### (Trademark Dilution – California Statute)

71. The American Legion incorporates all paragraphs above by reference.

72. Defendants' use of The American Legion Marks has blurred and tarnished, and therefore diluted, and it will continue to dilute, the famous and distinctive quality of The American Legion Marks, and it has lessened the capacity of The American Legion Marks to identify and distinguish The American Legion's goods and services, causing injury to The American Legion in violation of California Business and Professions Code § 14247.

73. The American Legion has no adequate remedy at law for Defendants' continuing violation of The American Legion's rights.

74. The American Legion has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

75. As a consequence of Defendants' actions, The American Legion is entitled to the relief requested below.

## EIGHTH CLAIM

### (False Advertising and Unfair Competition – California Statute)

76. The American Legion incorporates all paragraphs above by reference.

77. Defendants' actions constitute false advertising and unfair competition in violation of California Business & Professions Code §§ 17500 *et seq.* and 17200 *et seq.*

78. Defendants' use of The American Legion Marks is likely to cause confusion, mistake or deception and to create the erroneous impression that Defendants and their goods and services have an affiliation, connection, or association with The American Legion.

Fenwick & West LLP
Attorneys at Law
San Francisco

79.     The American Legion believes, and therefore alleges, that Defendants have obtained money or property through their misconduct that rightly belongs to The American Legion and that they have deprived The American Legion of that money or property.

80.     The American Legion has suffered harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

81.     As a consequence of Defendants' actions, The American Legion is entitled to the relief requested below.

## NINTH CLAIM

### (Unfair Competition – California Common Law)

82.     The American Legion incorporates all paragraphs above by reference.

83.     Defendants' unauthorized use of The American Legion Marks, including The American Legion's name, constitutes unfair competition in violation of the common law of California.  For example, by using The American Legion Marks, the Defendants are attempting to claim or pass off the Unauthorized Website and its advertisements as coming from or having an association with The American Legion.

84.     The American Legion has no adequate remedy at law for Defendants' continuing violation of The American Legion's rights.

85.     The American Legion has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

86.     As a consequence of Defendants' actions, The American Legion is entitled to the relief requested below.

## **PRAYER FOR RELIEF**

WHEREFORE, The American Legion asks the Court for a judgment against Defendants Constant Leads, LLC, and Matthew S. Noss as follows:

1.     Permanently enjoining Defendants, including all officers, agents, servants, employees, and attorneys of Constant Leads, LLC, as well as their successors and assigns, and all persons acting in active concert or participation with any of them, who receive actual notice of the Order of this Court, from using The American Legion Marks, or any mark that is confusingly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

similar to or a colorable imitation of The American Legion Marks, including all marks this Complaint identifies, on any website, in advertising or promotional materials, in connection with the sale of their goods or services, or in any other fashion in commerce;

2.      Ordering the transfer of the domain name localamericanlegion.com to The American Legion;

3.      Ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction or impoundment, or to show proof of destruction or impoundment, to eliminate the infringing matter in all articles, documents, files, advertisements, promotional items, servers, other storage media, systems, or other matter in their possession, custody, or control that infringe, dilute or otherwise violate The American Legion's rights in The American Legion Marks, or any mark that is confusingly similar to or a colorable imitation of The American Legion Marks, including all marks this Complaint identifies;

4.      An award of three times The American Legion's actual damages, Defendants' profits and costs of suit;

5.      An award, if The American Legion elects, of treble damages under 15 U.S.C. § 1117(b) for Defendants' use of a counterfeit mark;

6.      An award, if The American Legion elects, of statutory damages of $2,000,000 per counterfeit mark under 15 U.S.C. § 1117(c) for Defendants' violation of 15 U.S.C. § 1114;

7.      An award, if The American Legion elects, of statutory damages of $100,000 per domain name for Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1);

8.      An award of restitution to The American Legion of all money, property, and profits that Defendants have diverted from Plaintiff or that Defendants have unlawfully gained;

9.      An award of attorneys' fees and costs in this exceptional case, as the Lanham Act authorizes;

10.     Pre- and post-judgment interest on any monetary award; and

11.     Any other relief that this Court deems just and proper.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## JURY DEMAND

The American Legion hereby requests a trial by jury.

Dated:   March 19, 2015                    FENWICK & WEST LLP


By: */s/Andrew P. Bridges*_____
        Andrew P. Bridges

Attorneys for Plaintiff THE AMERICAN LEGION

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO